**The document below is hereby signed.**

**Dated: February 27, 2012.**

_____
**S. Martin Teel, Jr.**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
PAULINE PILATE,                )   Case No. 09-00110
                               )   (Chapter 7)
        Debtor.                )   Not for Publication in
                               )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION RE MOTION FOR TURNOVER

The debtor objects in part to the trustee's *Motion for Order Directing Debtor to Turnover Property of the Estate* on the basis that she cannot be compelled to turn over property of which she is no longer in control. For the reasons that follow, the court will grant the trustee's motion.

The debtor agrees with the trustee that the $30,406.56 she received as inheritance is property of the estate. However, she asserts that she is in possession of only $15,000.00 of the total inheritance, having allegedly used the remaining portion to make payments to the Internal Revenue Service, and that she can only be compelled to turn over that portion of the inheritance which is in her present possession.

The issue is whether the trustee may compel turnover of property no longer in the debtor's possession. 11 U.S.C. § 542(a) provides:

> [A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Section 542(a) expressly permits the trustee to compel turnover of the property *or* the value of such property. Therefore, the trustee may recover the value of the property where the debtor is no longer in possession of the property itself. *See Bailey v. Suhar (In re Bailey)*, 380 B.R. 486, 491-93 (6th Cir. B.A.P. 2007) (the fact that a portion of the debtors' federal tax refund was no longer in the debtors' possession at the time of the turnover action did not defeat the trustee's right to recover the tax refund); *Beaman v. Vandeventer Black, LLP (In re Shearin)*, 224 F.3d 353 (4th Cir. 2000); *Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., (In re USA Diversified Prods., Inc.)*, 100 F.3d 53 (7th Cir. 1996); *but see Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423, 428-30 (8th Cir. 2007) (holding that the trustee may compel turnover only from an entity with control over the property at the time of the demand for turnover).

    Taken literally, delivery of property or the value of property means turnover of an identifiable res, but courts have interpreted the phrase in a sensible fashion as meaning recovery of a monetary judgment for the value of the property when the debtor has placed the property beyond the reach of the trustee.

    According to the clear statutory language of § 542(a), the debtor here is not excused from her duty to turn over the entire amount of inheritance simply because she no longer possesses those funds.

Possession at the time of the demand for turnover is not a prerequisite to liability under § 542(a).  *In re Bailey*, 380 B.R. at 492.

For all of these reasons, the trustee's motion for turnover will be granted.  A separate order follows.

[Signed and dated above.]

Copies to: Debtor; Recipients of e-notification.

3