The order below is hereby signed.

Signed: March 5, 2013



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAULINE PILATE, | ) | Case No. 09-00110 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | For publication in West's |
| | ) | Bankruptcy Reporter |

COMMENTS

HEARING

MEMORANDUM DECISION RE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

The chapter 7 trustee filed a motion for summary judgment seeking a judgment for the balance of the $30,406.56 of inheritance funds the debtor received and that are property of the estate, but that the debtor has not delivered to the trustee. The debtor did not deliver to the trustee a portion of the inheritance monies because she used them to pay her tax debt. The issue is whether the debtor can be liable for a monetary judgment for the value of property she does not presently possess.

I

The debtor inherited $30,406.56, and she does not dispute that this is property of the estate. On March 10, 2011, at the chapter 7 meeting of creditors, the debtor testified that she had

these funds in her possession and under her control.  Tr.'s St. at 3; Tr.'s Ex. 3 (Dkt. No. 257).  At the meeting of creditors, the debtor was instructed that the inheritance monies were likely property of the estate and not to spend any of the inheritance monies.  Tr.'s St. at 2-3.  During the remainder of 2011, the chapter 7 trustee repeatedly requested that the debtor turn over the inheritance or show why the trustee was not entitled to administer those funds.  Tr.'s St. at 4.  The debtor did not turn over the funds.  On January 21, 2012, the trustee filed a motion for turnover in which he assumed that the debtor remained in possession of all of the funds.  *See* Dkt. No. 232.  The debtor objected.  *See* Dkt. No. 234.  She explained that she had used a portion of the inheritance to pay taxes she owed to the District of Columbia and the Internal Revenue Service, and that the trustee could not compel her to turn over property that was no longer under her control.  *Id.*

After a hearing, the court ruled in a Memorandum Decision (Dkt. No. 239) that the trustee was entitled to recover a money judgment under 11 U.S.C. § 542(a) for the portion of the inheritance funds that the debtor had dissipated.  As a consequence, the court issued an order (Dkt. No. 238) directing the debtor to deliver to the trustee all of the inheritance funds that remained in her possession, and setting a scheduling conference regarding fixing the amount of the monetary judgment

the trustee was entitled to recover for the portion of the inheritance that was no longer in the debtor's possession. The court later issued a scheduling order (Dkt. No. 245) for fixing the amount of the monetary judgment under § 542(a) as a monetary judgment for the value of the inheritance funds that had been transferred or dissipated by the debtor.

On March 6, 2012, the debtor turned over to the trustee a check in the amount of $18,456.56 representing that portion of the inheritance still in her possession. The debtor also turned over to the trustee nine canceled checks, explaining through counsel that these represented payments the debtor had made on taxes she owed. Tr.'s St. at 4 & Tr.'s Ex. 5. The total amount of the nine checks, $11,950, equals the difference between the amount of the inherited funds ($30,406.56) and the amount turned over to the trustee ($18,456.56). Tr.'s St. at 4. All of the payments on taxes were made after the section 341 meeting of creditors was held on March 10, 2011, and prior to the filing of the trustee's motion for turnover. Tr.'s Ex. 5.

II

Summary judgment may be granted only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. "A dispute over a material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"

*Arrington v. United States*, 473 F.3d 329, 333 (D.C. Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). In evaluating a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *Id.* at 333.

Here, there is no genuine dispute as to any material fact, and the debtor concedes as much. *See* Opposition at 6. The debtor and the trustee agree that her inheritance is property of the estate and that she expended a portion of that inheritance. What remains is an issue of law: whether the debtor can be liable for a monetary judgment under § 542(a) for the funds she had dissipated before the trustee filed his motion for turnover. The debtor argues she cannot be required to turn over the value of the monies she had dissipated.

> Section 542(a) of the Bankruptcy Code provides:
>
> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

Referring to the type of § 542(a) relief the trustee now seeks (a monetary judgment for the amount of the dissipated property) as turnover relief is misleading, and muddles the analysis.

4

The term "turnover" connotes delivering identified property or its identified proceeds. The text of § 542(a), however, does not use the term "turnover" and is not limited to empowering a court to issue turnover orders.[1]

It goes beyond that. When property that is subject to § 542(a) has been dissipated, the statute (with exceptions of no relevance here) still requires the entity who dissipated the property to "deliver . . . and account for . . . the value of such property . . . ." Because the entity no longer possesses the property or its proceeds, delivery of the property is an impossibility. A turnover order, which if disobeyed is enforceable by way of contempt, is thus inappropriate. *See Maggio v. Zeitz (In re Luma Camera Serv., Inc.)*, 333 U.S. 56, 68

---

[1] Section 542(a) is titled "Turnover of property of the estate" but the title does not suggest that the statute addresses only turnover relief and not relief when there has been a failure to turn over.

5

S. Ct. 401, 92 L. Ed. 476 (1948).[2] The issue is whether the statutory obligation to "deliver . . . and account for . . . the value of [the] property" permits the remedy of a recovery of a monetary judgment for the value of the dissipated property.

Courts are split on whether the trustee may obtain a recovery of the value of property no longer in the debtor's possession, custody, or control.  The Courts of Appeals for the Fourth and Seventh Circuits, and the Bankruptcy Appellate Panels for the Sixth, Ninth, and Tenth Circuits have held that current possession is not required.  *See Beaman v. Vandeventer Black, LLP (In re Shearin)*, 224 F.3d 353 (4th Cir. 2000) (trustee could compel law firm to turn over the year-end profits it had paid to the debtor before the motion for turnover was filed); *Boyer v. Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. (In re USA*

---

[2] Decisions that have sloppily referred to § 542(a) monetary judgments as granting turnover relief have not done so in the context of a trustee's attempting to use contempt powers to enforce the obligation.  A monetary judgment, in contrast to a turnover order, generally may not be enforced by the court's contempt powers. *See, e .g., Combs v. Ryan's Coal Co., Inc.*, 785 F.2d 970, 980 (11th Cir. 1986) ("It is equally clear that when a party fails to satisfy a court-imposed money judgment the appropriate remedy is a writ of execution, not a finding of contempt.").  That is the rule followed under District of Columbia law, whose procedures would apply under Fed. R. Civ. P. 69(a)(1) to a monetary judgment issued by this court.  *In re Estate of Bonham*, 817 A.2d 192, 195-96 (D.C. 2003) (use of contempt to collect counsel fee award).  Although there are exceptions to the rule, *see Rockstone Capital, LLC v. Walker-Thomas Furniture Co., Inc. (In re Smith)*, 2007 WL 2429450, *2 (Bankr. D.D.C. Aug 23, 2007), they do not appear to be applicable here.

*Diversified Prods., Inc.)*, 100 F.3d 53 (7th Cir. 1996) (law firm which held funds of the debtor during the bankruptcy case, but had transferred the funds prior to the trustee's motion for turnover, was still liable for turnover of the value of the funds); *Newman v. Schwartzer (In re Newman)*, 2013 WL 646382, -- B.R. -- (B.A.P. 9th Cir. Feb. 4, 2013) (trustee could recover the value of the tax refund that the debtor had already spent); *Jubber v. Ruiz (In re Ruiz)*, 455 B.R. 745 (B.A.P. 10th Cir. 2011) (debtors wrote checks prepetition that had not cleared when their petition was filed and therefore the trustee could recover the amount of these funds from the debtors even though they no longer had possession of the funds); *Bailey v. Suhar (In re Bailey)*, 380 B.R. 486 (B.A.P. 6th Cir. 2008) (the debtors were liable for turnover of their tax refund even though they had already transferred the funds).  The Eighth Circuit, however, requires control of the property at the time a motion to compel turnover is brought.  *See Brown v. Pyatt (In re Pyatt)*, 486 F.3d 423, 429 (8th Cir. 2007) (although the debtor had control over certain funds after his bankruptcy petition was filed, the trustee could not compel turnover of those funds because the debtor had transferred those funds before the motion to compel turnover was brought).

   The decisions holding that a trustee may recover the value of property of the estate that an entity held but dissipated

prior to commencement of a turnover proceeding rely on the statutory language "or the value of such property," and reason that the entity is still liable for the value of the property even though the entity no longer controls the property itself. *See In re USA Diversified Prods., Inc.*, 100 F.3d at 56 ("The statute, however, requires the delivery of the property *or the value of* the property. Otherwise, upon receiving a demand from the trustee, the possessor of property of the debtor could thwart the demand simply by transferring the property to someone else.").

According to these decisions, all that is required is that the entity from which turnover is sought have had possession of the property at some point during the bankruptcy case. In *In re Shearin*, the court construed the language "during the case" in § 542(a) as "refer[ring] to the entire bankruptcy case, not just the adversary proceeding." *In re Shearin,* 224 F.3d at 356. Accordingly, as long as the entity had possession of the property at some point during the bankruptcy proceeding, it could be liable for the value of that property. *Id.*

The Eighth Circuit disagrees and has held that liability under § 542(a) applies only where the entity has present possession of the property. *See In re Pyatt*, 486 F.3d 423. The court in *In re Pyatt* determined that § 542(a) does not change pre-Bankruptcy Code turnover practice, which required as a

prerequisite for turnover the possession of the property or its proceeds. *Id.* at 429. The court relied on pre-Code turnover practice, which was not codified, but was described in *Maggio v. Zeitz*, 333 U.S. at 63-64. In that case, the Court said that a turnover proceeding is "appropriate only when the evidence satisfactorily establishes the existence of the property or its proceeds, and possession thereof by the defendant at the time of the proceeding." *Id.* Adhering to its interpretation that the current statute does not change pre-Code practice, the Eighth Circuit explained that the "or the value" language in § 542(a) refers to the proceeds of the property. *In re Pyatt*, 486 F.3d at 429. "Thus under both precode practice and current law, if a debtor transfers property of the estate and receives value for it, a trustee may compel him to turn over the value of the property because he still has control over the proceeds of the property." *Id.*

The court in *In re Pyatt* went on to explain that unless present possession is an element of turnover, the trustee could obtain double satisfaction. *In re Pyatt*, 486 F.3d at 427. Although 11 U.S.C. § 550(d) prohibits double satisfaction under 11 U.S.C. §§ 544, 545, 547, 548, 549, 553(b), and 724(a), it does not mention the turnover provision, § 542. Therefore, if present possession is not required, the court reasoned that the trustee could, for instance, pursue recovery from both the debtor and the

9

entity to whom the debtor transferred the property.  Determining that Congress could not have intended such double satisfaction from both the transferor and the transferee, the court decided that present possession must be a prerequisite to turnover.  *See In re Pyatt*, 486 F.3d at 427-28 ("The absence of such a prohibition suggests that the drafters did not intend to authorize a trustee to proceed under § 542(a) against everyone who may have had control over property of the estate at some point after the petition was filed."); *see also Shapiro v. Henson (In re Henson)*, 449 B.R. 109, 113 (D. Nev. 2011) ("If possession is not required, nothing in sec. 542(a) or the provision governing double satisfaction would prevent Trustee from [obtaining double satisfaction].").

The debtor here takes up this same line of arguments.  She contends that to be liable under § 542(a), she must have had actual possession when the proceeding commenced, because otherwise 11 U.S.C. § 549 would serve no purpose, "inasmuch as it is designed exclusively to set aside a post-petition transfer of estate property[.]"  Opposition at 6.  In other words, the trustee would never need to proceed under 11 U.S.C. § 549 because the trustee could simply resort to a § 542(a) proceeding against the debtor.

On close examination of these arguments, this court agrees with those courts that have held that current possession is not a

prerequisite to recovery of a monetary judgment under § 542(a). The statute is clear: the statute applies to any entity that was "in possession, custody, or control" of the property at some point "*during the case*." 11 U.S.C. § 542(a) (emphasis added); *see In re Shearin*, 224 F.3d at 356 ("Section 542(a) provides a broader remedy than solely the turnover of property held at the time of an adversary proceeding, which could occur well after the filing of a bankruptcy petition.").[3] If the entity is no longer in possession of the property at the time of the turnover proceeding, then the entity must account for and deliver "the value of such property." The statute does not refer to the proceeds from the property, but rather to the value of the property. If the entity still possesses the property (or its proceeds), the trustee can recover a turnover order compelling the delivery of the property (or its proceeds). When the entity has dissipated the property and any proceeds, the obligation to deliver the value of the property is enforced by the remedy of a monetary judgment. "If a debtor demonstrates that [he] is not in possession of the property of the estate or its value at the time

---

[3] The debtor argues that the holding in *In re Shearin* has been called into question by *Rosen v. Dahan (In re Hoang)*, 469 B.R. 606 (D. Md. 2012), which called the reasoning in *In re Pyatt* "persuasive[]." However, that was clearly dicta, because the court did not need to decide the issue, and stated as much. *In re Hoang*, 469 B.R. at 618 n.10 ("Because the Appellees in this case never possessed 'property of the estate,' however, the court need not decide whether they are liable for its value.").

of the turnover action, the trustee is entitled to recovery of a money judgment for the value of the property of the estate." *In re Newman*, 2013 WL 646382, at *6, quoting *Rynda v. Thompson (In re Rynda)*, 2012 WL 603657, at *3 (B.A.P. 9th Cir. Jan. 30, 2012) (citations omitted).

As discussed by the bankruptcy court in *Diversified Products*, *Maggio v. Zeitz* addressed the remedy under the Bankruptcy Act of a summary procedure for turnover of the property or its proceeds, in contrast to a plenary proceeding brought "to recover damages for the withholding or for the value of the property" when the entity had dissipated the property. *Maggio v. Zeitz*, 333 U.S. at 63. *See Boyer v. Davis (In re USA Diversified Prods., Inc.)*, 193 B.R. 868, 875-79 (Bankr. N.D. Ind. 1995). In contrast to the Bankruptcy Act of 1898, 28 U.S.C. § 1334(b) confers pervasive jurisdiction on the district court (and, by way of referral under 28 U.S.C. § 157, on the bankruptcy court) to hear any proceeding affecting a bankruptcy case under the Bankruptcy Code, without regard to the former distinction

between plenary and summary proceedings.[4]  In § 542(a), Congress included in the same section both the plenary and summary remedies a bankruptcy trustee appointed under the Bankruptcy Act could pursue, that is, both the remedy of obtaining an order for turnover (*i.e.*, delivery) of the property or its proceeds, and the remedy of recovering a monetary judgment for the value of dissipated property.

In other words, § 542(a) embodies two remedies:

- if the entity still possesses the property (or proceeds of the property), the court can order turnover of the property (or of its proceeds), and that order can be enforced by way of the court's contempt power;
- if the entity has transferred the property, the court can enter a monetary judgment for the value of the property, but under *Maggio v. Zeitz* an order for a delivery of the property itself, punishable by way of the court's contempt powers, may not issue.

---

[4] The Bankruptcy Code abolished the distinction between summary and plenary jurisdiction. *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 206 n.13, 103 S. Ct. 2309, 2314 n.13, 76 L. Ed. 2d 515 (1983).  The summary versus plenary distinction was not only important with respect to allocating matters to a referee (the forerunner of a bankruptcy judge) versus a district judge.  From a subject matter jurisdiction point of view, the distinction was also important.  Under the Bankruptcy Act of 1898, a trustee might be required to bring a plenary suit in state court.  *See* Ralph Brubaker, *A "Summary" Statutory and Constitutional Theory of Bankruptcy Judges' Core Jurisdiction After Stern v. Marshall*, 86 Am. Bankr. L.J. 121, 130 (2012).

Section 542(a) does not become inapplicable when the property has been dissipated. Present possession applies as a requirement only to the remedy of an order compelling delivery of the property or its proceeds; it does not apply to the remedy of a recovery of a monetary judgment when the property has been dissipated.[5] *See In re Newman*, 2013 WL 646382, at *5 ("Whatever the procedures then, the plain language of § 542(a) has no 'present possession' requirement."); *see also In re Fleming*, 424 B.R. 795, 804 (Bankr. W.D. Mich. 2010) ("[T]he common meaning of the phrase 'value of such property,' when juxtaposed with the notion of the property itself being turned over, suggests to this court as well as others that Congress intended to expand upon *Maggio*, rather than to just codify it.").

---

[5] The trustee filed a motion seeking an order compelling turnover of the inheritance funds the debtor had received because he assumed the debtor still possessed all of the funds. It was only when the debtor filed her opposition to the trustee's motion for turnover that she revealed that some of the funds had been dissipated. That led to this court's scheduling order to address the issue of a monetary judgment for the inheritance funds that had been dissipated. Under Fed. R. Bankr. P. 7001(1), "a proceeding to recover money or property" is generally an adversary proceeding, requiring the filing of a complaint under Federal Rule of Bankruptcy Procedure 7003. One exception is "a proceeding to compel the debtor to deliver property to the trustee." When the trustee pursues recovery of a monetary judgment under § 542(a) (because the property has been dissipated) instead of an order compelling delivery of property, Rule 7001(1) arguably requires that an adversary proceeding be brought. The debtor, however, has fully briefed the issue of the propriety of a monetary judgment without objecting that an adversary proceeding was required, and has forfeited any such objection.

14

The trustee chose to proceed against the debtor for relief under § 542(a) regarding the inheritance monies.  He could have chosen instead to recover the funds directly from the creditors who received the payments by way of avoidance actions under § 549.  That the trustee has a choice of remedies does not make the unused remedy a superfluous statutory provision.  *See In re Spencer*, 362 B.R. 489, 493 (Bankr. D. Kan. 2006).

The argument that present possession must be a requirement for § 542(a) relief in order to avoid a double recovery is also not convincing.  The court in *In re Ruiz* calls attention to the distinction between § 542 and the other provisions listed in § 550(d) under which the trustee is limited to a single satisfaction.  *See In re Ruiz,* 455 B.R. at 751.  It would be "extremely unusual for § 542(a) to be referenced in § 550(d), as a matter of statutory construction," because the provisions listed in § 550(d) deal with the trustee's avoidance powers, but § 542(a) is not an avoidance provision.  *Id.*  If a trustee did seek to recover twice from the same property, the entity from whom the second recovery is sought could raise the equitable defense that the trustee should not be entitled to double satisfaction.  *See id.* at 752.

Moreover, placing the burden on the debtor to reimburse the estate for the value of the property will often lead to a more cost efficient administration of the estate.  If lack of actual

15

possession relieved the debtor of liability for turnover, then the trustee would have to incur the expense of an adversary proceeding (including the filing fee) against each payee. *See In re Ruiz*, 455 B.R. at 754 ("[T]hat approach would oftentimes be extremely uneconomical when there are numerous checks in relatively small amounts."); *see also In re Spencer*, 362 B.R. at 493 ("Had the trustee chosen the § 549 route, he would be burdened with commencing a plethora of § 549 actions to recover two or three hundred dollars. This would be a poor economy to the estate, not to mention wasteful of the Court's time and resources.").

Although the trustee's approach is allowed by the Code, it is true that the "result in this case, at least on its face, seems rather unfortunate." *In re Dybalski*, 316 B.R. 312, 316 (Bankr. S.D. Ind. 2004). The debtor may effectively have to pay the same bill twice. However, the debtor was reminded at the meeting of creditors that she should not expend any of the inheritance funds because they likely were property of the estate. She chose not to follow that instruction.

### III

For all of these reasons, the trustee's motion for summary judgment will be granted and a monetary judgment will be entered against Pauline Pilate and in favor of the trustee in the amount of $11,950, the value of the inheritance funds the debtor did not

16

turn over to the trustee, plus any prejudgment interest that may be awarded, plus costs, as well as interest to run on the total judgment amount from the date of entry of the judgment as provided in 28 U.S.C. § 1961.  The trustee's proposed order requested interest, but his motion for summary judgment did not address the issue of prejudgment interest.  Accordingly, the parties will be directed to address the issue of prejudgment interest.  A separate order follows.

[Signed and dated above.]

Copies to: Recipients of e-notification of orders.