The document below is hereby signed.

Signed: March 25, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| PAULINE PILATE, | ) | Case No. 09-00110 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| | ) | For publication in West's |
| | ) | Bankruptcy Reporter |

MEMORANDUM DECISION SUPPLEMENTING PRIOR
<u>DECISION REGARDING TRUSTEE'S MOTION FOR SUMMARY JUDGMENT</u>

The prior *Memorandum Decision* of March 5, 2013, held that the chapter 7 trustee is entitled to a monetary judgment against Pauline Pilate in the amount of $11,950, the value of the inheritance funds the debtor did not turn over to the trustee, plus any prejudgment interest that may be awarded. The trustee has reported that the parties have now stipulated that prejudgment interest should be awarded at 3% per annum, and the debtor has not timely filed a memorandum taking a different position.

I

The parties have failed to address the date from which prejudgment interest should run. As recited in the prior

decision, on March 10, 2011, at the chapter 7 meeting of creditors, the debtor testified that she had the inherited funds in her possession and under her control.  Thereafter, the debtor dissipated some of the funds.  Then, after correspondence had failed to cause the debtor to turn over any of the funds, the trustee--thinking that the debtor still possessed all of the funds--filed a motion on January 21, 2012, seeking a turnover of the funds.  After a hearing, the court directed the debtor to turn over the inheritance funds still in her possession.  On March 6, 2012, the debtor turned over to the trustee a check in the amount of $18,456.56 representing that portion of the inheritance still in her possession.  After some delay (attributable in part to the trustee's missing a briefing deadline), the court determined in the *Memorandum Decision* of March 5, 2013, that the trustee was entitled to a judgment against the debtor for the $11,950 in dissipated funds.

II

Section 542(a) of the Bankruptcy Code (11 U.S.C.), with exceptions (such as in the case of property that is of inconsequential value to the estate), requires delivery of property of the estate to the trustee.  This statute, unlike the automatic stay of 11 U.S.C. § 362(a), is not self-executing.  Unlike § 362(a), which expressly acts as a stay and thus as the equivalent of a prohibitory injunction, § 542(a) does not purport

2

to operate as a mandatory injunction for whose violation contempt can lie.[1]  An entity in possession of property of the estate may question, legitimately or not, whether the property is subject to turnover under § 542(a) (for example, by questioning whether the property is of consequential value to the estate).  In order to obtain the property when an entity fails voluntarily to make turnover, the trustee must pursue a proceeding to compel turnover, a proceeding in which the court will adjudicate whether § 542(a) applies such as to warrant an order for turnover.

After the debtor testified at the meeting of creditors about the inheritance, the trustee waited ten months before he filed his motion to compel turnover.  There is no evidence that after the filing of the petition the debtor earned any interest on the portion of the inheritance that she eventually dissipated.[2]  Accordingly, the debtor ought not be required to pay interest for the period during which the trustee delayed filing a motion to compel turnover.

---

[1]  The trustee has not sought to recover damages from the debtor under 11 U.S.C. § 362(k) (formerly, prior to 2005, 11 U.S.C. § 362(h)), or pursuant to the court's civil contempt powers, by reason of the debtor's transfer of estate funds constituting a violation of the stay under § 362(a)(3) of any act to exercise control over property of the estate.

[2]  If the debtor had earned interest on the $11,950, that interest would be proceeds subject to turnover, or if it too had been dissipated, it would be an additional amount to be included in the monetary judgment.

3

On the other hand, once the trustee filed his motion to compel turnover, the debtor was placed on notice that the trustee was formally seeking the inheritance funds (and, implicitly, a recovery of a judgment for the amount of any inheritance funds that were dissipated).  Once it was disclosed that part of the inheritance funds had been dissipated, this court ruled that § 542(a) entitled the trustee to a recovery of a judgment for the dissipated funds.  If, upon the trustee's filing his motion to compel turnover, the debtor had immediately turned over to the trustee an amount equal to the dissipated funds, she would have placed the trustee in the position of not being entitled to recover any prejudgment interest.  It stands to reason that the trustee ought to be entitled to recover prejudgment interest from the date of the filing of the motion to compel turnover.  Interest will thus run from January 21, 2012.

                                III

The parties have not stipulated whether interest was to be compounded annually.  I thus interpret the parties' stipulation as providing for simple interest of 3% per annum.  The trustee is thus entitled to recover, beyond the $11,950 in dissipated funds, prejudgment interest of 3% per annum on the $11,950 from January 21, 2012, to the date of entry of judgment on March 25, 2013, which will come to one year's interest of $358.50 plus 63 days' interest of $61.88, or a total of $420.38 in prejudgment

interest.  The judgment follows.

                                          [Signed and dated above.]

Copies to: Recipients of e-notification of orders.